# BMW Financial Services
## Motor Vehicle Retail Installment Contract - New Jersey



| BUYER(S) Takidia T Jennings | SELLER |
|---|---|
| Name | Name BMW of Mount Laurel |
| Address (include County and Zip Code) | Address |
| 2 S Syracuse Dr | 1220 RT 73 S |
| Cherry Hill NJ 08034 | MT LAUREL NJ 08054 |
| Billing Address (if different) | |
| | DATE OF CONTRACT 08/14/2015 |

This Motor Vehicle Retail Installment Contract ("Contract") is entered into between the buyer(s) ("Buyer") and the seller ("Seller") named above. Unless otherwise specified, "I", "me" and "my" refer to the Buyer and "you" and "your" refer to the Seller or Seller's assignee. "Vehicle" refers to the vehicle described below. I promise to pay Seller the Total of Payments in accordance with the Payment Schedule shown below. I acknowledge that I am purchasing the Vehicle from Seller on an installment basis and accept the Vehicle in its present condition, including all its equipment, parts and accessories.

| ☐ New ☑ Used | Year 2011 | Make BMW | Model 328i xDrive Sedan | Vehicle Identification Number WBAPK5G59BNN27089 | Odometer Reading 27,609 | ☑ Personal Use ☐ Business Use |
|---|---|---|---|---|---|---|
| ☐ Telephone | ☐ CD Player | ☐ _____ (specify) | ☐ _____ (specify) | | ☐ _____ (specify) | |

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all payments as scheduled. | Total Sale Price The total cost of my purchase on credit, including my downpayment of $ 3,000.00 |
|---|---|---|---|---|
| 0.9 % | $ 705.07 e | $ 27,822.65 | $ 28,527.72 e | $ 31,527.72 e |

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 48 | 378.79 | Monthly, beginning 09/28/2015 |
| 1 Balloon Payment (if applicable) | 10,345.80 | 08/28/2019 |

**SECURITY.** I am giving a security interest in the Vehicle.
**LATE CHARGE.** If all or any portion of a payment is more than 10 days late, I will be charged $10.
**PREPAYMENT.** If I pay off this Contract early, I will not have to pay a penalty.

Please read this Contract, including the reverse side, for additional information on security interests, nonpayment, default and the right to require repayment in full before the scheduled maturity date.

**Electronic Contracting and Signature Acknowledgment.** I agree that (i) this Contract is an electronic contract executed by me using my electronic signature, (ii) my electronic signature signifies my intent to enter into this Contract and that this Contract be legally valid and enforceable in accordance with its terms to the same extent as if I had executed this Contract using my handwritten signature and (iii) the authoritative copy of this Contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by you for the storage of Authoritative Copies of electronic records, which shall be deemed held by you in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted into a paper copy which is marked by you as the original (the "Paper Contract"), then I acknowledge and agree that (1) my signing of this Contract with my electronic signature also constitutes issuance and delivery of such Paper Contract, (2) my electronic signature associated with this Contract, when affixed to the Paper Contract, constitutes my legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, my obligations will be evidenced by the Paper Contract alone.

| | | | | | |
|---|---|---|---|---|---|
| A. CASH PRICE | | | D. AMOUNTS PAID TO OTHERS ON MY BEHALF | | |
| (1) Cash Price of Vehicle and Accessories | $ 26,750.00 | | (1) To Public Officials: | | |
| (2) Other (Describe) DocumentationFee | 309.60 | | (a) License, Title, and Registration Fees | $ | 184.00 |
| (3) Other (Describe) | 0.00 | | (b) Other Official Fees (Describe) | | 0.00 |
| (4) Other (Describe) | 0.00 | | | | |
| (5) Cash Price | 27,069.60 | | (2) To Insurance Companies For: | | |
| (6) Sales Tax | 1,984.16 | | (a) Credit Life/Disability Insurance | | 0.00 * |
| Sales Tax is Calculated as follows: | | | (b) Other Insurance (Describe) | | 0.00 * |
| (a) Cash Price (A(5)) 27,069.60 | | | (3) Other Charges: | | |
| (b) Allowance on Trade-in  0.00 | | | (a) To BMW OF MT LAURE For ENTIRE CARE | | 1,595.00 * |
| (c) Adjusted Cash price = 27,069.60 | | | (b) To ___ For ___ | | 0.00 * |
| (d) Sales Tax 1,984.16 | | | (c) To ___ For ___ | | 0.00 * |
| | | | (d) To ___ For ___ | | 0.00 * |
| (7) Total Cash Price (A(5) plus A(6)) | = 29,043.65 | | (e) To ___ For ___ | | 0.00 * |
| B. DOWN PAYMENT | | | (f) To ___ For ___ | | 0.00 * |
| (1) Net Value of Trade-In | | | (g) To ___ For ___ | | 0.00 * |
| (Gross Allowance $ 0.00 Payoff $ 0.00) | | | (h) To ___ For ___ | | 0.00 * |
| (Year ___ Make ___ Model ___) $ | 0.00 | | (4) Total Amounts Paid to Others on My Behalf | $ | 1,779.00 |
| (2) Cash Down Payment | 3,000.00 | | | | |
| (3) Manufacturer's Rebate Assigned to Seller | 0.00 | | | | |
| (4) Other (Describe) | 0.00 | | E. AMOUNT FINANCED (C plus D(4)) | $ | 27,822.65 |
| (5) Total Down Payment | = 3,000.00 | | | | |
| C. UNPAID BALANCE OF CASH PRICE (A(7) minus B(5)) $ | 26,043.65 | | *Seller and/or Seller's affiliates may retain or receive a portion of these amounts. | | |

**THE SELLER MAY ASSIGN THIS CONTRACT AND RECEIVE A FEE OR OTHER CONSIDERATION FOR FACILITATING YOUR FINANCING.**

---

A service contract is not required to obtain credit and will not be provided unless I sign and agree to pay the cost. The service contract issued by the Provider will describe the terms and conditions in further detail. By signing below, I agree to purchase the service contract for the term and cost indicated.

Provider:_____ Cost: $ 0.00  Term: 0 months or 0 miles, whichever occurs first.

X_____  X_____
Buyer's Signature                  Buyer's Signature

---

Credit life or credit disability insurance is not required to obtain credit and will not be provided unless I sign and agree to pay the premium. The policies or certificates issued by the insurer will describe the terms and conditions in further detail. By signing below, I agree to pay for the following insurance for the terms and premiums indicated.

☐ I want Credit Life Insurance (One Buyer only)   Term 0 mos.  Premium $ 0.00  Insured Name:_____

☐ I want Joint Credit Life Insurance              Term 0 mos.  Premium $ 0.00  Insured Name:_____

                                                                              Insured Name:_____

☐ I want Credit Disability Insurance (One Buyer only) Term 0 mos. Premium $ 0.00 Insured Name:_____

Name of Insurer(s):_____

X_____  X_____
Buyer's Signature                  Buyer's Signature

---

**GAP** is not required to obtain credit and I may purchase it from anyone I want who is reasonably acceptable to the Seller. I may purchase GAP under this contract by signing below and agreeing to pay the purchase price, shown in Section 5.D above. See my GAP contract for details on the protection it provides.

Term ___ 0 mos.  Name of GAP Contract _____

X_____  X_____
Buyer's Signature                  Buyer's Signature

I agree to maintain the insurance coverage described in Section 14. I affirm that such insurance is in force on the date of this Contract. I authorize Seller and its assignees to speak to my insurance agent or company, and any future insurance agents or companies, about my coverage for the Vehicle.

| USAA | ███████████ | |
|---|---|---|
| Insurance Company | Policy No. | Coverage Verified (Center Employee's Initials) |
| USAA | 9800 Fredricksberg Rd San Antonio TX 78288 | (877)632-3002 |
| Agent Name | Address | Phone No. |

All matters regarding insurance should be sent by e-mail to insuranceinfo@bmwfs.com; or faxed to 888-725-8456.

**IMPORTANT: READ THE ADDITIONAL TERMS ON REVERSE SIDE BEFORE SIGNING BELOW.**

**NOTICE TO RETAIL BUYER: DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO A COPY OF THE CONTRACT AT THE TIME YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS.**

**I ACKNOWLEDGE RECEIPT OF A COMPLETELY FILLED-IN COPY OF THIS CONTRACT AT THE TIME OF SIGNING.**

Buyer's Signature: **X**        Buyer's Signature **X**

The authorized signature of the Seller has the effect of: (1) accepting the terms and conditions of this Contract; (2) acknowledging verification of the existence of the insurance coverage required by this Contract with the Buyer's insurance agent; and (3) assigning this Contract to BMW Bank of North America, a wholly owned subsidiary of BMW Financial Services NA, LLC (collectively, "Assignee"), 5550 Britton Parkway, Hilliard, Ohio 43026, subject to the provisions of the Center Agreement between Seller and Assignee. Seller shall not be an agent of Assignee for any purpose.

Authorized Signature: **X**        Title: Ast Controller

COPY

This paragraph only applies to a Balloon Payment, which is a final payment that is more than twice as large as the average of all prior scheduled payments. The Balloon Payment option is only available if the Amount Financed under this Contract exceeds $10,000. When my Balloon Payment is due, I may either: (a) pay the Balloon Payment in full in cash; or (b) if I qualify, refinance the Balloon Payment with you, at your then prevailing rates, terms and conditions.

**A. SIMPLE INTEREST CONTRACT.** I understand that this is a simple interest contract. The amount of the Finance Charge shown in Section 3 may vary depending upon when payments are received. The earlier that payments are received before each due date, the less Finance Charge I owe. The later that payments are received after each due date, the more Finance Charge I owe. Payments are first credited to accrued Finance Charge and then to the unpaid balance of the Amount Financed. After my last payment, you will advise me of any amounts owed or refund any amounts owed to me.

**B. RETURNED INSTRUMENT CHARGE.** If any check, draft or order or other similar instrument is returned to you unpaid for any reason, including, but not limited to, non-sufficient funds, I will be liable for a returned instrument charge of $20.

**C. SECURITY INTEREST.** I grant you a security interest in: (1) the Vehicle; (2) all proceeds of such property; and (3) to the extent permitted by state law, the loss proceeds of any Vehicle insurance and, if the cost is included in the monthly payment under this Contract, the proceeds, cancellation refunds or rights of any service or mechanical breakdown protection contract. This security interest secures payment and performance of my obligations under the Contract, or any extensions thereof, including any indebtedness subsequently arising because of my failure to perform such obligations.

I agree to fully cooperate with you to perfect your security interest in the Vehicle, including, but not limited to, paying applicable titling and registration fees, obtaining a smog and/or safety inspection from an authorized inspection station, obtaining applicable inspections of the vehicle identification number from the appropriate law enforcement or other government official(s), and providing you with inspection certificates and other documents necessary to perfect your security interest.

**A. REQUIREMENTS.** For the term of this Contract I must obtain and maintain insurance coverage for loss of or physical damage to the Vehicle (comprehensive, collision, fire and theft coverage) in the amount equal to the actual cash value of the Vehicle. The maximum deductible allowed for collision and comprehensive coverages is $1000. I have the option of obtaining this insurance through an insurer of my choice that is acceptable to you. I must designate you as loss payee on such insurance. The policy must provide you with at least 30 days' advance notice of any amendment to or cancellation of coverage. I authorize you to execute in my name any proofs of insurance claims or losses and to endorse my name on any insurance settlement draft or check. I must furnish satisfactory evidence that the Vehicle continues to be adequately covered by physical damage insurance for the entire term of the Contract, unless a charge for such insurance is included in the Contract. If at any time during the term of the Contract I fail to maintain or evidence the required insurance, you may, as permitted by law and at your option, purchase insurance which covers both any name and your interests in the Vehicle or which covers only your interest in the Vehicle. If you buy either of these coverages, you will notify me and describe the charge I must pay. The charge will be payable either: (1) in equal installments along with the remaining monthly payments and will consist of the cost of insurance plus interest at the Annual Percentage Rate shown on this Contract; or (2) within 10 days of written notice to me. Any charge will be secured by the Vehicle.

**THIS DOES NOT INCLUDE INSURANCE ON MY LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE, I MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

**B. INSURANCE CHARGES RETURNED.** If any charge for required insurance is returned to you, it may be credited to my account or used to buy similar insurance or insurance which covers your interest in the Vehicle. Any refund on optional insurance contracts obtained by you will be credited to my account. These credits will be applied to as many of my installments as they will cover, beginning with the final installment and continuing in reverse order of maturity.

**A. WARRANTIES.** Seller is not offering any express warranties unless Seller has given a written warranty to me. If Seller extends, or the Vehicle's manufacturer extends, a written warranty or service contract covering the Vehicle within 90 days from the date of this Contract, I get implied warranties of merchantability and fitness for a particular purpose covering the Vehicle. If not, Seller specifically disclaims any implied warranties of merchantability and fitness for a particular purpose covering the Vehicle, unless the Vehicle.

**B. VEHICLE USE.** I agree that I will: (1) not garage the Vehicle at an address other than the address shown on this Contract without your written consent and will notify you of changes in my address; (2) not sell the Vehicle without your written consent; (3) except for less than 30 days in Canada, not operate the Vehicle outside of the contiguous United States and Alaska and Hawaii; (4) not allow a lien to be placed upon the Vehicle; (5) not abandon the Vehicle or use it for hire or illegally; (6) maintain the Vehicle in good condition and have the Vehicle serviced and maintained in accordance with the manufacturer's recommendations and specifications, so long as I have obligations under this Contract; (7) permit you to inspect the Vehicle at any reasonable time; and (8) pay when due all taxes and assessments levied on the Vehicle. Should I fail to promptly pay any lien, encumbrance or taxes on the Vehicle, you may do so on my behalf. In such event I must immediately reimburse you for the cost thereof. If I do not immediately reimburse you, such cost, plus interest at a rate not to exceed the Annual Percentage Rate disclosed on the face of this Contract, will be added to the amount I owe under this Contract.

**A. DEFAULT.** I will be in default under this Contract if: (1) I fail to make any payment in full when due or fail to pay any other charge; (2) I fail to keep any of my promises under this Contract or in any other agreement I have with Seller or Seller's assignee; (3) I die, am declared incompetent or become insolvent, a bankruptcy petition is filed by or against me or I dissolve or cease active business affairs; (4) I give Seller false or misleading information in my credit application or any other document; (5) the Vehicle is destroyed, stolen or damaged beyond repair; (6) I fail to keep required insurance in force; (7) the Vehicle is subject to or threatened by seizure, confiscation, levy, or other involuntary transfer by governmental, administrative or legal process; or (8) my driver's license expires or is suspended, revoked, canceled or is otherwise restricted.

**B. REMEDIES.** If I am in default, you may demand that I pay all amounts I owe under this Contract at once (accelerate), and may pursue any and all of your other rights and remedies available under the law. In the event my obligation is referred for collection to an attorney who is not one of your salaried employees, I agree to pay, in addition to all other sums due and owing under this Contract, reasonable attorneys' fees not to exceed 10% of the amount due and payable under this Contract plus court costs. Your remedies can be exercised singularly or in any combination. In the event of a default, you may also repossess the Vehicle, in which event I may be entitled to get it back (redeem) by making timely payment of charges (such as repossession fees and storage costs) incidental to the repossession plus the past due amount plus other amounts due under this Contract and performance of all other obligations under this Contract. If the Vehicle is sold, the proceeds will be applied first to reasonable expenses of repossessing, reconditioning, storing and selling the Vehicle, including attorneys' fees not to exceed 10% of the amount due and payable under this Contract and court costs, and then to all amounts due under this Contract. If there is any money left over, it will be paid to me, subject to the rights of any other secured parties. If the proceeds of the sale of the Vehicle are insufficient to pay all amounts due to you, plus the costs and expenses of repossession and sale, I will be liable for any deficiency to the extent permitted by applicable law. Any personal property of mine in or attached to the Vehicle which is not subject to your security interest shall be held by you without liability if the Vehicle is repossessed. I shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon you within 10 days after repossession.

If the total sales price of the Vehicle exceeds $10,000, I appoint you, to the extent permitted by law, through your officer or employee, as my attorney-in-fact. My grant of this power of attorney is coupled with an interest, and is irrevocable until all obligations I owe under this Contract are paid in full. As my attorney-in-fact, you can sign on my behalf all Certificates of Ownership, Registration

Cards, applications, affidavits or any other documents required to register and properly perfect your security interest in the Vehicle; transfer my entire interest in the Vehicle as part of a repossession and sale; act on my behalf in insurance matters relating to the Vehicle, including, but not limited to, the power to endorse insurance proceeds checks or drafts on my behalf; and cancel any Credit Life, Credit Disability, Guaranteed Automotive Protection Coverage, Extended Warranty, or other optional insurance financed under this Contract, and apply the refunded premium or cost to my outstanding balance if I am in default. Should an original power of attorney be necessary to accomplish any of the preceding, I agree to execute a separate identical power of attorney document and provide you with same.

I understand that: (A) I have no right to assign any of my rights under this Contract, although you may assign your interests under this Contract without my consent; (B) you may waive or delay the enforcement of your rights under this Contract without affecting your rights on future defaults; (C) any portion of this Contract which may be held unenforceable shall not affect the enforceability of other portions of this Contract; (D) if more than one buyer has signed this Contract, each one will be jointly and severally liable for all obligations under this Contract; (E) all correspondence and notices will be sent to me at my Billing Address shown on this Contract unless I give you a different address in writing; and (F) this Contract will be governed by the laws of the state of the Seller's place of business shown on the front side of this Contract. This Contract describes all of the agreements with respect to the retail installment sale of the Vehicle between Seller and me and all prior agreements, whether oral or in writing, are superseded. This Contract cannot be changed or terminated by any oral agreement.

If the vehicle is a used vehicle, the following notice applies: **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

The following notice does not apply if the Vehicle is purchased for business use:

> **NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**PLEASE REVIEW - IMPORTANT - AFFECTS MY LEGAL RIGHTS**

**NOTICE:** Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial. If a dispute is arbitrated, I will give up my right to participate as a class representative or class member on any class claim I may have against you including any right to class arbitration or any consolidation of individual arbitrations. Discovery and rights to appeal in arbitration are generally more limited than in a lawsuit, and other rights you and I would have in court may not be available in arbitration.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between me and you or your employees, agents, successors or assigns, which arise out of or relate to my credit application, purchase or condition of this Vehicle, this Contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Contract) shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action or other mass action. I expressly waive any right I may have to arbitrate a class action. I may choose the following arbitration organization and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arbitration-forum.com), or any organization that I may choose subject to your approval. I may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which I reside unless the Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this Contract was executed. The arbitrator shall be empowered as permitted under the Rules of the National Arbitration Forum to award equitable relief as well as legal relief, to provide all temporary and/or provisional remedies and to enter equitable orders that will be binding upon the parties. Any award or dispositive order of the arbitrator may be entered as a judgment in any court having jurisdiction. We agree that either you or I may, without objection, request an expedited hearing under the applicable rules.

You will advance my filing, administration, service or case management fee and my arbitrator or hearing fee all up to a maximum of $1,500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this clause, then the provisions of this clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration; however, the governing law as to the substantive issues of the Contract and Vehicle shall be the law of the state of Seller's place of business.

You and I may retain any rights to self-help remedies, such as repossession. Neither you nor I waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This clause shall survive any termination, payoff or transfer of this Contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable.

Notwithstanding any other provision for notice contained in the Contract, any arbitration claim or other notice provided under the rules of the arbitration administrator will be given to you at the following address: If my claim is against the Seller, I agree that notice of my claim will be given to the Seller at the address specified in Section 1 of this Contract. If my claim is against the Assignee (designated in Section 11 of this Contract), I agree that notice of my claim will be given at 5550 Britton Parkway, Hilliard, OH 43026. If my claim is against both Seller and Assignee, I agree that both Seller and Assignee will be notified of my claim at the addresses indicated herein.



Exhibit B

# N.A.D.A. Official Used Car Guide
# Vehicle Valuation
Print Date: October 4, 2019

Customer: Ligon, Takidia
File No.: BMWF-1226779

Vehicle Description: 2011 BMW 3 Series Sedan 4D 328xi AWD
VIN: WBAPK5G59BNN27089

## Base Values

Retail: $ 8450.00     Wholesale/Trade-in: $ 6125.00

## Optional Equipment/Adjustments

Estimated Miles  112500     $ 0.00

## Total Adjusted N.A.D.A. Used Car Guide Values

Retail: $ 8450.00     Retail/Wholesale Average: $ 7287.50

Reference  10/2019 Eastern

Exhibit C

**Takidia T Ligon**
**Payment History**

| Date Received | Total Payment | Principal | Interest | Lender Note |
|---|---|---|---|---|
| 12/28/2018 | 200.00 | 196.26 | 3.74 | Loan Payment |
| 12/14/2018 | 200.00 | 196.20 | 3.80 | Loan Payment |
| 11/30/2018 | 200.00 | 196.12 | 3.88 | Loan Payment |
| 11/16/2018 | 200.00 | 196.06 | 3.94 | Loan Payment |
| 11/02/2018 | 200.00 | 195.99 | 4.01 | Loan Payment |
| 10/19/2018 | 200.00 | 195.92 | 4.08 | Loan Payment |
| 10/05/2018 | 200.00 | 195.86 | 4.14 | Loan Payment |
| 09/21/2018 | 200.00 | 195.79 | 4.21 | Loan Payment |
| 09/07/2018 | 200.00 | 195.72 | 4.28 | Loan Payment |
| 08/24/2018 | 200.00 | 195.65 | 4.35 | Loan Payment |
| 08/10/2018 | 200.00 | 195.58 | 4.42 | Loan Payment |
| 07/27/2018 | 200.00 | 195.52 | 4.48 | Loan Payment |
| 07/13/2018 | 200.00 | 195.45 | 4.55 | Loan Payment |
| 06/29/2018 | 200.00 | 195.38 | 4.62 | Loan Payment |
| 06/15/2018 | 200.00 | 195.32 | 4.68 | Loan Payment |
| 06/01/2018 | 200.00 | 195.25 | 4.75 | Loan Payment |
| 05/18/2018 | 200.00 | 195.18 | 4.82 | Loan Payment |
| 05/04/2018 | 200.00 | 195.11 | 4.89 | Loan Payment |
| 04/20/2018 | 200.00 | 195.04 | 4.96 | Loan Payment |
| 04/06/2018 | 200.00 | 194.98 | 5.02 | Loan Payment |
| 03/23/2018 | 200.00 | 194.91 | 5.09 | Loan Payment |
| 03/09/2018 | 200.00 | 194.85 | 5.15 | Loan Payment |
| 02/23/2018 | 200.00 | 194.77 | 5.23 | Loan Payment |
| 02/09/2018 | 200.00 | 194.71 | 5.29 | Loan Payment |
| 01/26/2018 | 200.00 | 194.65 | 5.35 | Loan Payment |
| 01/12/2018 | 200.00 | 194.57 | 5.43 | Loan Payment |
| 12/29/2017 | 200.00 | 194.51 | 5.49 | Loan Payment |
| 12/15/2017 | 200.00 | 194.44 | 5.56 | Loan Payment |
| 12/01/2017 | 200.00 | 194.37 | 5.63 | Loan Payment |
| 11/17/2017 | 200.00 | 194.31 | 5.69 | Loan Payment |
| 11/03/2017 | 200.00 | 194.24 | 5.76 | Loan Payment |
| 10/20/2017 | 200.00 | 194.17 | 5.83 | Loan Payment |
| 10/06/2017 | 200.00 | 194.11 | 5.89 | Loan Payment |
| 09/22/2017 | 200.00 | 194.03 | 5.97 | Loan Payment |
| 09/08/2017 | 200.00 | 193.98 | 6.02 | Loan Payment |
| 08/25/2017 | 200.00 | 193.90 | 6.10 | Loan Payment |
| 08/11/2017 | 200.00 | 193.84 | 6.16 | Loan Payment |
| 07/28/2017 | 200.00 | 193.77 | 6.23 | Loan Payment |
| 07/14/2017 | 200.00 | 193.70 | 6.30 | Loan Payment |
| 06/30/2017 | 200.00 | 193.64 | 6.36 | Loan Payment |
| 06/16/2017 | 200.00 | 193.57 | 6.43 | Loan Payment |
| 06/02/2017 | 200.00 | 193.50 | 6.50 | Loan Payment |
| 05/19/2017 | 200.00 | 193.44 | 6.56 | Loan Payment |
| 05/05/2017 | 200.00 | 193.37 | 6.63 | Loan Payment |
| 04/21/2017 | 200.00 | 193.30 | 6.70 | Loan Payment |
| 04/07/2017 | 200.00 | 193.24 | 6.76 | Loan Payment |
| 03/24/2017 | 200.00 | 193.17 | 6.83 | Loan Payment |
| 03/10/2017 | 200.00 | 193.10 | 6.90 | Loan Payment |
| 02/24/2017 | 200.00 | 193.04 | 6.96 | Loan Payment |
| 02/10/2017 | 200.00 | 192.97 | 7.03 | Loan Payment |
| 01/27/2017 | 200.00 | 192.90 | 7.10 | Loan Payment |

Exhibit D

| Date | Amount | Principal | Interest | Type |
|---|---|---|---|---|
| 01/13/2017 | 200.00 | 192.84 | 7.16 | Loan Payment |
| 12/30/2016 | 200.00 | 192.77 | 7.23 | Loan Payment |
| 12/16/2016 | 200.00 | 192.70 | 7.30 | Loan Payment |
| 12/02/2016 | 200.00 | 192.64 | 7.36 | Loan Payment |
| 11/18/2016 | 200.00 | 192.57 | 7.43 | Loan Payment |
| 11/04/2016 | 200.00 | 192.50 | 7.50 | Loan Payment |
| 10/21/2016 | 200.00 | 192.44 | 7.56 | Loan Payment |
| 10/07/2016 | 200.00 | 192.37 | 7.63 | Loan Payment |
| 09/23/2016 | 200.00 | 192.31 | 7.69 | Loan Payment |
| 09/09/2016 | 200.00 | 192.24 | 7.76 | Loan Payment |
| 08/26/2016 | 200.00 | 192.17 | 7.83 | Loan Payment |
| 08/12/2016 | 200.00 | 192.10 | 7.90 | Loan Payment |
| 07/29/2016 | 200.00 | 192.04 | 7.96 | Loan Payment |
| 07/15/2016 | 200.00 | 191.98 | 8.02 | Loan Payment |
| 07/01/2016 | 200.00 | 191.91 | 8.09 | Loan Payment |
| 06/17/2016 | 200.00 | 191.84 | 8.16 | Loan Payment |
| 06/03/2016 | 200.00 | 191.77 | 8.23 | Loan Payment |
| 05/20/2016 | 200.00 | 191.71 | 8.29 | Loan Payment |
| 05/06/2016 | 200.00 | 198.21 | 1.79 | Loan Payment |
| 05/03/2016 | 200.00 | 193.38 | 6.62 | Loan Payment |
| 04/22/2016 | 200.00 | 191.50 | 8.50 | Loan Payment |
| 04/08/2016 | 200.00 | 191.45 | 8.55 | Loan Payment |
| 03/25/2016 | 200.00 | 191.37 | 8.63 | Loan Payment |
| 03/11/2016 | 200.00 | 195.65 | 4.35 | Loan Payment |
| 03/04/2016 | 500.00 | 489.88 | 10.12 | Loan Payment |
| 02/17/2016 | 100.00 | 79.04 | 20.96 | Loan Payment |
| 01/15/2016 | 175.00 | 168.61 | 6.39 | Loan Payment |
| 01/05/2016 | 200.00 | 190.99 | 9.01 | Loan Payment |
| 12/22/2015 | 200.00 | 181.85 | 18.15 | Loan Payment |
| 11/24/2015 | 200.00 | 190.20 | 9.80 | Loan Payment |
| 11/09/2015 | 200.00 | 191.45 | 8.55 | Loan Payment |
| 10/27/2015 | 200.00 | 190.73 | 9.27 | Loan Payment |
| 10/13/2015 | 250.00 | 239.98 | 10.02 | Loan Payment |
| 09/28/2015 | 250.00 | 240.56 | 9.44 | Loan Payment |
| 09/14/2015 | 200.00 | 190.49 | 9.51 | Loan Payment |
| 08/31/2015 | 300.00 | 288.34 | 11.66 | Loan Payment |

Exhibit D